[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Charles D. Gianetti, M.D., brings this action against the defendant, Richard Mulroney, Esquire, to recover for additional medical fees which the plaintiff claims are owed him in the amount of $1,468.00.
The plaintiff initially commenced this action in the Small Claims Court and the defendant had it transferred to Superior Court.
The sole basis of the plaintiff's claim is that Attorney Richard Mulroney wrote a letter to the plaintiff, dated January 24, 1986, and said in part "please be advised that we will protect your CT Page 8319 fee for services rendered to Glenn Kelly out of any ultimate settlement proceeds relative to his accident of 12/1/84"
Sometime in 1987 Dr. Gianetti's office contacted Attorney Mulroney's office to determine the status of the matter and was informed that the case had been settled in January of 1987.
Thereafter on April 17, 1989, Dr. Gianetti brought a case against Attorney Mulroney seeking the same amount as in the instant case, $1,468.00.
That case, Docket Number CV-89-0265533-S, was dismissed when the Plaintiff Motion To Reopen was denied on September 23, 1991.
The plaintiff testified that the 1989 suit was dismissed "without prejudice". the court subsequently reviewed the file and found that not to be true. The motion was denied.
In the instant case, the plaintiff took the stand and testified that he provided treatment to one Glen Kelly on December 1, 1984 at St. Vincent's Hospital. There were two subsequent office visits on December 11, 1984 and March 26, 1985.
The plaintiff claims that the January 24, 1986 correspondence from Attorney Mulroney guaranteed him whatever he considered to be his statement for services rendered, $2,480.00. The statement, dated November 13, 1986 was directed to Attorney Mulroney and claimed a fee of $2480.00.
Dr. Gianetti testified on cross examination that his medical group, the Greater Bridgeport Individual Practice Associates, did not have an agreement with PHS which would cap medical payments at a payment schedule predetermined by PHS. Dr. Gianetti also testified that he has not sued the patient, Glenn Kelly.
The defendant called Mrs. Lestik who testified that she was and has been since 1984, an employee for PHS involved in payment of medical claims.
She testified that Glen Kelly's family was a member of PHS. She further testified that Greater Bridgeport Individual Practice Associates was also a participating medical group with PHS.
She explained that PHS paid, some time ago, Dr. Gianetti $1,012.00, which was the predetermined medical payment for services CT Page 8320 rendered the patient, Glen Kelly.
She testified that the Kellys were not responsible for any additional fees. She made it abundantly clear that Dr. Gianetti had been advised that he was only entitled to $1,012.00 for services rendered to Glenn Kelly.
The court determined that the plaintiff is bound by his agreement as to the fair and reasonable charges that can be made under his contract with PHS and that the plaintiff has already been paid in accordance with said agreement.
Accordingly, the court finds judgment in favor of the defendant.
Dated at Bridgeport, Connecticut, this 10th day of July, 1995.
RICHARD J. TOBIN, JUDGE